**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adela Ortiz Ortiz, | No. CV-17-00403-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| United States Attorney General, | |
| Respondent. | |

On February 8, 2017, Petitioner Adela Ortiz ("Ortiz") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 requesting to be released from custody. (Doc. 1). After the Response was filed, (Doc. 12), Respondent moved to dismiss the Petition as moot, (Doc. 17), explaining that Petitioner had posted bond and been released on December 22, 2017. Since then, Petitioner has not replied in support of her Petition, has not responded to Respondent's motion to dismiss, and has not responded to this Court's Order to Show Cause regarding Petitioner's failure to timely notify the Court of her change in address. (Doc. 18). In addition, correspondence mailed to Petitioner's last known address at the Eloy Detention Center were returned to the Court as undeliverable. (Doc. 20).

Thus, in a Report and Recommendation, Magistrate Judge Deborah M. Fine recommended granting Respondent's motion to dismiss the Petition as moot. (Doc.21). This Report and Recommendation was then mailed to Petitioner's last known address, and was likewise returned as undeliverable. (Doc. 22). Since then, Petitioner has not

objected to the Report and Recommendation, and the matter is now ripe for decision.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy at all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). A case will become moot, at any stage of the proceeding, when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In the context of claims for habeas relief, such claims become moot when the party seeking relief has obtained the relief requested. *See, e.g.*, *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief). Thus, the Ninth Circuit has held that where a habeas petitioner requests only that he be released from immigration custody, and is then released while their petition remains pending, the petition should be dismissed as the court can no longer provide relief. *Id.* at 775-76.

Here, Petitioner has only requested that she be released from custody, and the documentation provided by Respondent indicates that she has. Thus, "there is no further relief [this Court] can provide," *id.* at 776, and the Petition will be denied as moot.

**IT IS ORDERED** the Report and Recommendation, (Doc. 21), is **ADOPTED IN FULL**. Respondent's Motion to Dismiss, (Doc. 17), is **GRANTED.**

Dated this 20th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge